IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:10cv131-01-C

| | | |
|---|---|---|
| JACKIE EMMITT MOOREHEAD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **O R D E R and NOTICE** |
| | ) | |
| ALVIN W. KELLER,  et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** is before this Court upon Defendants Keller, Lewis, Mitchell, and Brown's

Motion for Judgment on the Pleadings (Doc. No. 41), filed September 16, 2010.  In accordance with

Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Court advises Plaintiff, who is proceeding

pro se, of his right to respond to Defendants' Motion for Judgment on the Pleadings.

A Rule 12(c) motion for judgment on the pleadings is decided using the same standard as

a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted.

Walker v. Kelly, 589 F.3d 127, 139 (4th Cir. 2009).  In responding to the Motion for Judgment on

the Pleadings, Plaintiff must show that he has made sufficient allegations in the Complaint to

support a cause of action against Defendants which is recognized by law. These "[f]actual

allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp.

v. Twombley, 550 U.S. 544, 555 (4th Cir. 2007).  The Complaint must contain "enough facts to state

a claim to relief that is plausible on its face." Id. at 570.  A claim is facially plausible when a

plaintiff pleads sufficient factual content to allow  "the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged." Id.  This Court "need not accept [plaintiff's]

legal conclusions drawn from the facts," nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." <u>Kloth v. Microsoft Corp.</u>, 444 F.3d 312, 319 (4th Cir. 2006)(quoting <u>Eastern Shore Mts., Inc. v. J.D. Assoc. Ltd. P'ship</u>, 213 F.3d 175, 180 (4th Cir. 2000)).

Plaintiff is advised that he may file documents, affidavits, or unsworn declarations in opposition to the Motion for Judgment on the Pleadings. Such action may, however, result in the conversion of the Motion for Judgment on the Pleadings to a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12 (d).

**THEREFORE, IT IS HEREBY ORDERED** that the Plaintiff has **thirty (30) days** from the entry of this Order in which to respond to Defendants' Motion to Dismiss. Plaintiff is warned that a failure to respond within the given time period may result in the dismissal of his Complaint

Signed: October 27, 2010

Robert J. Conrad, Jr.
Chief United States District Judge