IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:10cv131

| | |
|---|---|
| JACKIE EMMITT MOOREHEAD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| ALVIN W. KELLER, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** comes before the Court upon Plaintiff's Motion to Produce Documents (Doc. No. 17), filed July 21, 2010; Plaintiff's Motion for Injunction (Doc. No. 30), filed August 10, 2010; Plaintiff's Motion to Amend Motion for Injunction (Doc. No. 31), filed August 16, 2010; Plaintiff's Motion to Compel Discovery (Doc. No. 32), filed August 19, 2010; Plaintiff's Motion for Leave to File an Amended Complaint (Doc. No. 34), filed August 24, 2010; Plaintiff's Motion for Leave to File an Amended Document (Doc. No. 36), filed September 9, 2010; and Plaintiff's Motion to Amend (Doc. No. 46), filed October 14, 2010.

Plaintiff has filed a Motion to Produce Documents requesting Betty Brown to produce various documents. Discovery motions should first be served upon a party; not filed with the Court. See Fed. R. Civ. P. 34(a). Plaintiff does not indicate that he has served his document requests on Defendant Brown. Moreover, Defendant Brown was not yet a party to this action at the time Plaintiff filed his Motion to Produce Documents. (Doc. Nos. 17, 28.) Accordingly, Plaintiff's motion is not in compliance with the Federal Rules and it is denied on that basis.

Plaintiff has also requested that this Court compel Defendant Brown to produce various

documents. (Doc. No. 32.) Rule 37 (a)(1) of the Federal Rules of Civil Procedure requires a party moving to compel disclosure or discovery to include a certification that the movant has in good faith conferred or attempted to confer with the party or person failing to make the disclosure or discovery. Plaintiff has not certified that he has conferred or attempted to confer with Defendant Brown.[1] Plaintiff's motion is denied.

Plaintiff also requests that this Court issue an injunction ordering that: messianic services resume; Larry and Barbara Artrip conduct such services; such services be held in the visitor area; viewings of D.V.D.s or C.D.s on the teaching of Messianic Judaism be permitted; participants be allowed to practice all Messianic Judaism rites as before; various individuals previously associated with Messianic Judaism congregation Netzarim be reinstated. (Doc. No. 30.) Plaintiff also moves this Court to amend his Motion for Injunction to include a copy of a letter addressed to him from Larry and Barbara Artrip. (Doc. No. 31.) For good cause shown, Plaintiff's Motion to Amend is granted.

In order to obtain a preliminary injunction a plaintiff must establish that he is 1) likely to succeed on the merits; 2) likely to suffer irreparable harm absent preliminary relief; 3) the balance of equities tips in his favor; and 4) an injunction is in the public interest. Winter v. Natural Resources Def. Counsel, Inc., 129 S. Ct. 365, 374 (2009). All four requirements must be satisfied. Id. The mere possibility of irreparable harm is insufficient. Id. at 375-76.

Upon thoroughly reviewing the Complaint, this Court concludes that the actions Plaintiff complains of do not warrant the issuance of an injunction. Significantly, Plaintiff does not even assert that he will be irreparably harmed much less sufficiently establish that fact. Notably, while

---

[1] In Defendant Brown's response to Plaintiff's Motion to Compel, Defendant Brown indicates that Plaintiff has not attempted to confer with her. (Doc. No. 35.)

Plaintiff alleges that his corporate worship has been suspended, he does not state that he is completely prohibited from practicing his faith. Moreover, Plaintiff has not made a clear showing that he will likely prevail on the merits. Finally, the public interest is best served if the courts do not get involved in the daily operations of a prison, particularly prior to a finding that the Constitution has been violated. Plaintiff's Motion for an Injunction is denied.

Plaintiff also requests leave to amend his Complaint to include a Monthly Inmate Program Activity Schedule and his grievance. (Doc. No. 34.) For good cause shown, Plaintiff's Motion to Amend is granted. Fed. R. Civ. P. 15(a).

Plaintiff also seeks to amend his Complaint to include recent grievance responses. (Doc. No. 36.) As these grievance responses were issued after the filing of the Complaint, a motion to supplement the Complaint is the proper motion to include these documents. Fed. R. Civ. P. 15(d)("On motion and reasonable notice, the court may . . . permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented.") Plaintiff's motion, construed as a motion to supplement, is granted.

Finally, Plaintiff seeks to amend his Complaint to correct two typographical errors. (Doc. No. 46.) An amendment of the Complaint is not necessary; the corrections will be duly noted. Plaintiff's motion is dismissed.

**IT IS THEREFORE ORDERED THAT**:

1. Plaintiff's Motion to Produce Documents (Doc. No. 17) is **DENIED**;
2. Plaintiff's Motion to Compel Discovery (Doc. No. 32) is **DENIED**;
3. Plaintiff's Motion to Amend Motion for Injunction (Doc. No. 31) is **GRANTED;**
4. Plaintiff's Motion for Injunction (Doc. No. 30) is **DENIED**;
5. Plaintiff's Motion for Leave to File an Amended Complaint (Doc. No. 34) is **GRANTED**;

6. Plaintiff's Motion for Leave to File an Amended Complaint (Doc. No. 36), construed as a Motion to Supplement, is **GRANTED**; and

7. Plaintiff's Motion to Amend (Doc. No. 46) is **DISMISSED**

Signed: October 27, 2010

Robert J. Conrad, Jr.
Chief United States District Judge